# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 19-60015-SMITH

NICHOLAS SCHIANO,

    Appellant,

v.

SONYA SALKIN,

    Appellee.

_____/

## ORDER ON BANKRUPTCY APPEAL

THIS MATTER is before the Court on Nicholas Schiano's appeal from two orders entered by the United States Bankruptcy Court for the Southern District of Florida, which granted the Chapter 7 Trustee's/Appellee's Motions to Approve Stipulation of Settlement and Release and to Approve Stipulation of Settlement as to Disposition of Domain Names. Based on the existing appellate record,[1] the Court finds that Mr. Schiano lacks standing to pursue this appeal.

### I.    JUDICIAL NOTICE

As a preliminary matter, the Court addresses the Trustee's Motion for Judicial Notice of Ruling by Eleventh Circuit Court of Appeal or For Alternate Relief [DE 31] and the Supplement to Appellee's Motion for Judicial Notice [DE 33]. In the Motion, the Trustee asks the Court to take judicial notice of the Eleventh Circuit Court of Appeals' recent rulings in *Friedman v.*

---

[1] The Court notes that the record transmitted on appeal is numbered inconsistently and nonconsecutively in several areas.

*Nicholas Schiano, et al.*, No. 18-10742, which was filed on February 26, 2018.[2] In the *Friedman* appeal, Mr. Schiano challenged the district court's entry of default judgment of approximately $1.3 million in favor of Judgment Creditors Matthew Friedman and Scale Media, Inc. in another case. Mr. Schiano has not filed any papers in opposition to the Trustee's Motion for Judicial Notice.

"Courts 'may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Collier HMA Physician Mgmt., LLC v. NCH Healthcare Sys., Inc.*, No. 218CV408FTM38MRM, 2019 WL 277733, at *2 (M.D. Fla. Jan. 22, 2019) (citing Fed. R. Evid. 201(b)) (taking "judicial notice of the subject matter of the state trial and appellate court filings and recogniz[ing] the judicial acts each order represents."). Courts are therefore "free to take judicial notice of subsequent developments in cases that are a matter of public record and are relevant to the appeal." *Rothenberg v. Sec. Mgmt. Co.*, 667 F.2d 958, 961 (11th Cir. 1982). This includes "judicial notice of another court's order . . . for the limited purpose of recognizing the judicial act that the order represents or the subject matter of the litigation and related filings." *In re Delta Res., Inc.*, 54 F.3d 722, 725 (11th Cir. 1995) (internal marks and citation omitted) (taking judicial notice of bankruptcy court's order and its findings as a matter of law); *see also McBride v. Crews*, No. 3:14CV131/LAC/EMT, 2014 WL 4983501, at *1 (N.D. Fla. Oct. 6, 2014) (taking "judicial notice of information available on the database maintained by the Clerk of Court for the Eleventh Circuit Court of Appeals, https://ecf.ca11.uscourts.gov," that "Petitioner filed an application for leave to

---

[2] The Trustee moves the Court, alternatively, to deem the record supplemented by the Eleventh Circuit's ruling under Federal Rule of Bankruptcy Procedure 8009 or to deem the Eleventh Circuit's ruling a supplemental authority under Rule 8014(f).

file a successive habeas petition" and the "Eleventh Circuit denied the application on July 30, 2014.").

This Court takes judicial notice of the *Friedman* appeal and the Eleventh Circuit's rulings in the case. Developments in that case are a matter of public record and are relevant to this appeal. Mr. Schiano has extensively referenced the *Friedman* appeal in his papers and throughout the record, and has not opposed the Trustee's Motion. The Motion for Judicial Notice is granted.

## II. BACKGROUND

The genesis of this case lies in a business relationship gone awry. Mr. Schiano owned a bar mitzvah entertainment company and an internet marketing company. Appellant's Corrected Br. ("Br.") [DE 26] at 5. Judgment Creditor Mathew Friedman worked for Mr. Schiano's bar mitzvah entertainment company. Br. at 5. At some point, Mr. Friedman opened his own internet marketing company. Br. at 5. Later, Mr. Friedman and his company, Scale Media, Inc. (collectively, "the Judgment Creditors"), filed suit against Mr. Schiano for injunctive relief, defamation *per se*, and violations of the Florida Deceptive and Unfair Trade Practices Act. R. at 297-98, 323. The Judgment Creditors alleged that Mr. Schiano published false and damaging statements about them online to divert business away from the Judgment Creditors to Mr. Schiano. *Id.* The district court in that case entered default judgment against Mr. Schiano for approximately $1.3 million. R. at 303-04, 315-21.

Mr. Schiano subsequently filed for chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of Florida. On November 16, 2018, the trustee appointed in the bankruptcy case, Appellee Sonya Salkin, filed two motions seeking approval of a settlement between the bankruptcy estate and the Judgment Creditors. The first motion sought the bankruptcy court's approval of a settlement involving various internet domain names owned or controlled by

3

Mr. Schiano pre-petition, for which the Judgment Creditors offered $15,000 as consideration. R. at 22-31. In the second motion, the Trustee asked the bankruptcy court to approve a settlement pertaining to other issues between the bankruptcy estate and the Judgment Creditors, including a claim for slander and defamation against the Judgment Creditors which Mr. Schiano had listed on Schedule A/B of his bankruptcy petition. R. at 1, 25-36.[3] As consideration for this second agreement, the Judgment Creditors agreed to waive their claim to garnished bank funds (a sum of $10,840.72) and to pay an additional sum of $5,000 to the bankruptcy estate, and the parties agreed to exchange releases. R. at 25-36. Mr. Schiano failed to bid or out-bid the Judgment Creditors for these assets. *See* Dec. 12, 2018 Hr'g Tr. ("Tr.") at 10-13, 22, 28-32, 35-36, 40-42, 44-45, 47, 51, 54-55, 59-62, 75-76.

Mr. Schiano objected to both settlement agreements and, on December 12, 2018, the bankruptcy court held a hearing on the objections and proposed settlements. Explaining his reasoning on the record at the hearing, the bankruptcy judge found that the settlements were in the best interest of the bankruptcy estate and that the Trustee had exercised her reasonable business judgment. Tr. at 40-42, 75:20-76; R. at 48-51, 58-59. At the hearing, and later in written orders, the bankruptcy court approved both settlements. *Id.* The bankruptcy court also found that Mr. Schiano lacked standing to object to the settlements because he had no "apparent economic interest in th[e] estate . . . [which] is by all appearances hopelessly insolvent." Tr. at 82:14-19. This appeal followed.

This Court consolidated Mr. Schiano's appeal of the order approving the settlement concerning the domain names and the appeal of the order approving the more general settlement.

---

[3] The defamation claim was listed but Mr. Schiano had not filed a lawsuit against the Judgment Creditors. Tr. at 12:13-25.

*See* DE 12. Mr. Schiano argues on appeal that: (1) he has standing to object to the settlements and to bring this appeal; (2) the Trustee failed to present evidence, and the bankruptcy court failed to make specific findings in its orders, that the settlements were fair, equitable, and in the best interest of the estate; (3) to the extent his defamation claim against the Judgment Creditors may include an equitable claim for injunctive relief, the defamation claim is not part of the bankruptcy estate and the Trustee is therefore prohibited from settling the claim; and (4) to prevent the Judgment Creditors from using their default judgment as a blocking position to chill open and competitive bidding, the bankruptcy court should have stayed determination of the propriety of the settlements until after the Eleventh Circuit decided the *Friedman* appeal. Br. at 12-49; Am. Reply Br. at 2-26.

The appeal has been fully briefed, the Court has reviewed the record, and this matter is ripe for adjudication.

### III. STANDARD OF REVIEW

District courts function as appellate courts in reviewing a bankruptcy court's decision. *Williams v. EMC Mortg. Corp.* (*In re Williams*), 216 F.3d 1295, 1296 (11th Cir. 2000). "A district court reviews a bankruptcy court's legal conclusions de novo, and a bankruptcy court's factual findings for clear error." *In re Cummings*, 381 B.R. 810, 822–23 (S.D. Fla. 2007) (citation omitted). The appellant bears the burden of showing that the bankruptcy court's factual findings are clearly erroneous. *Id.* "A finding of fact is not clearly erroneous unless this court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been committed." *Id.* (internal marks and citation omitted).

### IV. DISCUSSION

The Court necessarily begins its analysis by deciding whether Mr. Schiano has established standing to pursue this appeal. "Article III of the United States Constitution restricts the power of

federal courts to adjudicating actual 'cases' and 'controversies.'" *Wooden v. Bd. of Regents of Univ. Sys. of Georgia*, 247 F.3d 1262, 1273 (11th Cir. 2001) (citing U.S. Const. art. III, § 2, cl. 1). "Perhaps the most important of the Article III doctrines grounded in the case-or-controversy requirement is that of standing." *Id.* (citation omitted); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998) ("Standing to sue is part of the common understanding of what it takes to make a justiciable case."). A party seeking to invoke a federal court's jurisdiction must demonstrate standing to bring the action. *Wooden*, 247 F.3d at 1273-74. "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991). Therefore, "[i]f a party lacks standing to bring a matter before the court, the court lacks jurisdiction to decide the merits of the underlying case." *Nat'l Franchisee Ass'n v. Burger King Corp.*, 715 F. Supp. 2d 1232, 1238 (S.D. Fla. 2010).

In the context of bankruptcy cases, "only a person aggrieved has standing to appeal a bankruptcy court's order." *In re Westwood Cmty. Two Ass'n, Inc.*, 293 F.3d 1332, 1335 (11th Cir. 2002). "Aggrieved" parties are those "parties having a direct and substantial interest in the question being appealed." *Id.* (internal marks and citation omitted). This is a more stringent standard than the doctrine of Article III standing, "as it allows a person to appeal only when they are directly and adversely affected pecuniarily by the order." *Id.* (internal marks and citation omitted). In other words, "the person aggrieved doctrine limits standing to appeal a bankruptcy court order to those individuals who have a financial stake in the order being appealed." *Id.* (citation omitted). "A person has a financial stake in the order when that order diminishes their property, increases their burdens or impairs their rights." *Id.* (internal marks and citation omitted).

Chapter 7 debtors generally do not have standing to object to claims or orders relating to them because these debtors typically lack any pecuniary interest in the trustee's disposition of property of the estate, since title to such property no longer resides in the debtor. *In re Walker*, 356 B.R. 834, 848 (Bankr. S.D. Fla. 2006), *aff'd sub nom. Walker v. Lundborg*, No. 06-80810-CIV, 2007 WL 9701963 (S.D. Fla. Aug. 17, 2007), *aff'd sub nom. In re Walker*, 309 F. App'x 293 (11th Cir. 2009); *Caserta v. Tobin*, 175 B.R. 773, 775 (S.D. Fla. 1994) (collecting cases); *In re Cannon*, No. 15-30451-KKS, 2017 WL 3491825, at *1 (Bankr. N.D. Fla. June 5, 2017). Indeed, "[t]he advent of the chapter 7 estate and the appointment of the chapter 7 trustee divest the chapter 7 debtor of all right, title and interest in nonexempt property of the estate at the commencement of the case." *Spenlinhauer v. O'Donnell*, 261 F.3d 113, 118 (1st Cir. 2001). Stated differently, "[t]he filing of a bankruptcy case creates an estate, distinct from the debtor." *In re Petricca*, 718 F. App'x 942, 945 (11th Cir. 2018) (citation omitted). "Property of that estate includes 'all legal or equitable interests of the debtor as of the commencement of the case.'" *Id.* The bankruptcy code authorizes the bankruptcy trustee to sell property of the estate and distribute the proceeds to the estate's creditors. *Id.* "The benefit to the debtor is that an effective bankruptcy discharge extinguishes his personal liability." *Id.* This explains why "normally it is the trustee alone, as distinguished from the chapter 7 debtor, who possesses standing to appeal from bankruptcy court orders which confirm or reject sales of property of the estate." *Spenlinhauer*, 261 F.3d at 118.

There are exceptions; a chapter 7 debtor can establish standing by demonstrating that (1) "there will be a surplus after distribution providing the debtor with a pecuniary interest in the estate" or (2) "the debt at issue is one that may not be subject to discharge." *In re Martino*, No. 8:14-BK-13452-KRM, 2017 WL 1519797, at *6 (M.D. Fla. Apr. 27, 2017) (internal citation omitted); *Caserta*, 175 B.R. at 775. *See, e.g., Tucker v. Mukamal*, 616 F. App'x 969, 972 (11th

7

Cir. 2015) (finding that debtor was not "directly pecuniarily affected by the bankruptcy court's decision" where debtor did not dispute that the estate was deficient and debtor would receive no distribution from the underlying bankruptcy proceeding); *In re Peoples*, 764 F.3d 817, 819-20 (8th Cir. 2014) (approving agreement between the chapter 7 trustee and creditor to settle debtor's lawsuit against the creditor for $20,000 and explaining that "[b]ecause no surplus funds exist to distribute to [debtor], she lacks a pecuniary interest in the bankruptcy court's order . . . [and] she is not a person aggrieved by the bankruptcy court's order, so she lacks standing to appeal either the order approving the settlement or the order denying her motion to reconsider."); *In re Benham*, 220 F. Supp. 3d 1033, 1041 (C.D. Cal. 2016), *aff'd*, 735 F. App'x 332 (9th Cir. 2018) ("A limited exception to the 'person aggrieved' rule allows a debtor to challenge the distribution of property of the bankruptcy estate. He may do so where a successful objection to or appeal from an order might result in a surplus in the estate at the end of the bankruptcy proceedings.").

In this case, the property at issue, particularly Mr. Schiano's purported defamation claim and the domain names, belong to the estate – not Mr. Schiano – and the Trustee had the power to dispose of that property in the interest of the estate.[4] To demonstrate that he has a pecuniary

---

[4] "Generally speaking, a pre-petition cause of action is the property of the chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it." *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004). Though not specifically raised in connection with his argument on standing, Mr. Schiano contends elsewhere that the equitable component of his defamation claim is not property of the estate and, by extension, the Trustee's attempt to settle the defamation claim is an *ultra vires* act. To the extent the issue of what constitutes property of the estate dove-tails with the issue of standing, the Court will address Mr. Schiano's argument. First, as the bankruptcy court stated, for actionable defamatory conduct that arises *post*-petition, any potential cause of action is not part of the estate and Mr. Schiano can bring a claim if he so chooses. Second, Mr. Schiano cites no authority for the proposition that a *pre*-petition defamation claim fails to be property of the estate simply because there is a potential non-monetary component. In fact, case law suggests otherwise; a chapter 7 debtor's non-economic claims, remedies, and interests relating to pre-petition disputes are property of the estate. *See, e.g.*, *In re Clark*, No. 2:11-BK-12833-CGC, 2012 WL 12261414, at *1-4 (Bankr. D. Ariz. Apr. 24, 2012) (collecting cases and finding that debtor's wrongful termination and defamation claims were part of the estate and

8

interest in the Trustee's disposition of the property sufficient to confer standing, Mr. Schiano must show either that there is a reasonable possibility of a surplus that will flow to him if the bankruptcy court's orders are reversed or that the appealed orders adversely affect his discharge. Mr. Schiano tries to prove the former; he argues that he has standing because the *Friedman* "appeal and subsequent litigation potentially will have a huge effect on [his] liabilities . . . [and, he] has [a] realistic hope [that] the [Eleventh] Circuit will vacate the default defamation judgment on appeal that constitutes approximately 95% of the bankruptcy estate's debt." Br. at 16-17.

Unfortunately for Mr. Schiano, his high hopes for a successful appeal were recently crushed by the Eleventh Circuit's decision to uphold the $1.3 million default judgment against him and to deny his petition for rehearing en banc. As a result, the Judgment Creditors' $1.3 million judgment stands. Hence, claims asserted against the bankruptcy estate substantially exceed the estate's assets. Consequently, even if the Court were to reverse the bankruptcy court's orders, no surplus would be created so that Mr. Schiano could recover some amount after creditors are paid out – which would also allow him to claim a pecuniary interest in this matter. In the end, as the bankruptcy court appropriately concluded, the estate is "hopelessly insolvent" and has no equity.

---

could be settled by the trustee notwithstanding the fact that one of the remedies happened to be U–5 expungement (a non-monetary relief), which may have an impact on the debtor's ability to procure employment in the future); *Doscher v. Barnett*, No. 616CV1515ORL18TBS, 2016 WL 7366894, at *3 (M.D. Fla. Nov. 4, 2016), *report and recommendation adopted sub nom. Christian Doscher v. Barnett*, No. 616CV1515ORL18TBS, 2016 WL 7366077 (M.D. Fla. Dec. 19, 2016) ("Put simply, Plaintiff's claims alleged in this action [for defamation] accrued to him as a matter of law before he filed his bankruptcy petition. Thus, when Plaintiff filed his Chapter 7 petition, all of his interest in the causes of action that are pending in this court–both legal and equitable–became property of his Chapter 7 bankruptcy estate and no longer belonged to the plaintiff personally.") (internal marks and citation omitted). Similarly, here, the unavoidable result is that Mr. Schiano ceded his rights and interests in the alleged defamation claim when he filed for bankruptcy. Now, that claim is part of the estate and disposable by the Trustee. Mr. Schiano has no title or interest in the claim.

Mr. Schiano has not shown that he is aggrieved in any cognizable way. *See In re Benham*, 220 F. Supp. 3d 1033, 1040 (C.D. Cal. 2016), *aff'd,* 735 F. App'x 332 (9th Cir. 2018) ("[A] hopelessly insolvent debtor does not have standing to appeal orders affecting the size of the estate [as] [s]uch an order would not diminish the debtor's property, increase his burdens, or detrimentally affect his rights."); *In re Ballou*, No. 3:10-BK-2735-PMG, 2011 WL 4530314, at *6 (Bankr. M.D. Fla. Sept. 13, 2011) (finding that chapter 7 debtor lacked standing where there was no evidence that the estate's assets would generate a surplus that would affect the debtor's financial interests and where debtor had not offered the trustee an amount greater than the amount received under the settlement).

Finally, with respect to Mr. Schiano's contention that he has standing because, "even if the [Eleventh] Circuit rules against [him], [he] nevertheless has a realistic hope that his defamation claim . . . will equal or surpass the Judgment Creditor's defamation claim," Br. at 17, Mr. Schiano's "realistic hope," without more, is not enough for this Court to conclude that a ruling in Mr. Schiano's favor would create a surplus. To start, the record is devoid of any evidence by which this Court could so favorably measure the damages Mr. Schiano could recover on his defamation claim. While Mr. Schiano now fervently argues that his defamation claim is very valuable, it is telling that he did not file a lawsuit or even serve a demand on the Judgment Creditors. His position is entirely speculative and does not suffice to establish standing under the exacting "person aggrieved" standard. Moreover, the defamation claim does not belong to Mr. Schiano; in exchange for a discharge and clean slate, he gave up his rights in that claim and it became property of the estate. *See In re Petricca*, 718 F. App'x at 945; *Spenlinhauer*, 261 F.3d at 118.

## V. CONCLUSION

This Court finds that Mr. Schiano does not have standing to pursue this appeal. The Court therefore does not reach the merits of the case. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) ("In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims."). Accordingly, it is

**ORDERED** that

1. The bankruptcy court's Order Granting Motion to Approve Stipulation of Settlement and Release and Order Granting Motion to Approve Stipulation of Settlement as to Disposition of Domain Names are **AFFIRMED**.

2. The Trustee's Motion for Judicial Notice of Ruling by Eleventh Circuit Court of Appeal or For Alternate Relief [DE 31] is **GRANTED**.

3. Any pending motions not otherwise ruled on are **DENIED AS MOOT**.

4. The Clerk is directed to transmit a copy of this Order to the bankruptcy court and, thereafter, **CLOSE** this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, on the 23rd of August, 2019.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: counsel of record